# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-CV-24340-SCOLA

CHRISTOPHER HUGHES,

    Plaintiff,

v.

BENTLEY HOLDINGS, LLC;
HESTIA FOOD SERVICES, LLC d/b/a
KAORI BY WALTER MARINO; LAFFA
MEDITERRANEAN GRILL BRICKELL LLC;
SV PINCHO BRICKELL, LLC d/b/a
PINCHO FACTORY; and P24, LLC d/b/a
PIOLA BRICKELL

    Defendants.
_____)

## CONSENT DECREE

This Consent Decree is entered into by and between CHRISTOPHER HUGHES, individually, hereinafter referred to as "Plaintiff," and BENTLEY HOLDINGS, LLC, HESTIA FOOD SERVICES, LLC D/B/A KAORI BY WALTER MARINO, LAFFA MEDITERRANEAN GRILL BRICKELL LLC, SV PINCHO BRICKELL, LLC D/B/A PINCHO FACTORY, and P24, LLC D/B/A PIOLA BRICKELL, hereinafter referred to collectively as "Defendants" on the date last executed below.

WHEREAS: BENTLEY HOLDINGS, LLC's property includes commercial spaces located at 1250 South Miami Avenue, Miami, Florida 33130 (hereinafter the "subject property"). Plaintiff claimed that there were and are architectural barriers that exist at the subject property that constitute violations of the Americans with Disabilities Act that unlawfully limit the Plaintiff's use of the subject property. This includes barriers in Space (CU) Numbers 6 (occupied by HESTIA FOOD SERVICES, LLC D/B/A KAORI BY WALTER MARINO as a tenant), 5 (occupied by Laffa Mediterranean Grill Brickell LLC as a tenant), 4 (occupied by SV

PINCHO BRICKELL, LLC D/B/A PINCHO FACTORY as a tenant) and 2 and 3 (occupied by P24, LLC D/B/A PIOLA BRICKELL as a tenant).

Defendants do not admit the allegations of the Plaintiff's Amended Complaint, but recognizes the risks of litigation. In order to resolve any issues that may exist, and the parties have agreed to this Consent Decree and to settle all claims related to the Americans with Disabilities Act that exist or may exist at the subject property. Moreover, the parties have determined that the remedial measures agreed to herein constitute all readily achievable measures to bring Defendants into compliance with the Americans with Disabilities Act. In consideration for resolving all matters in dispute, the parties have agreed to the following terms and conditions subject to the Court entry of an Order Approving and Entering the Consent Decree.

1. All alterations, modifications, and policies required by the Consent Decree will be completed prior to the April 30, 2018, if not done so already.

2. Plaintiff will execute a release as to all ADA related claims in favor of Defendants.

3. Defendants shall pay Plaintiff's attorneys' fees, litigation expenses and costs incurred in this matter, and for Plaintiff's expert fees, and costs incurred in this matter per agreement. The amounts to be paid shall be established by counsel for the parties by separate agreement, which is incorporated as part of this Consent Decree. In the event of non-compliance with the terms and conditions of the agreement, after written notice is given to respective Defendant and its counsel, the respective Defendant shall have 3 business days to cure or Plaintiff shall be entitled to immediate injunctive relief.

4. The parties hereby agree and request the Court to approve and enter the Consent Decree, providing for retention of jurisdiction by the Court to enforce, as necessary, the terms of this Consent Decree.

5. In any action to enforce this Consent Decree, the prevailing party shall be entitled to attorneys' fees, costs and expert fees.

6. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successor and/or assigns. The parties shall perform their obligations under this Consent Decree in good faith.

7. The parties agree that any delays in making the modifications to the property as provided for pursuant to this Consent Decree caused by third parties, including but not limited to construction contractors, or city building officials, inspectors, or permitting departments, will not be deemed to violate the compliance dates herein as long as the respective Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

8. References to the ADAAG shall be to "Appendix A" to 28 C.F.R. part 36 (the "ADAAG"). Words and phrases used in Exhibit "A" to this Agreement that have definitions provided in the ADAAG (Appendix A to 28 C.F.R. Part 36) or 28 C.F.R. §36.104 shall be construed as defined in the ADAAG or 28 C.F.R. §36.104, as applicable. For any Modification agreed to herein, the Parties acknowledge that a particular architectural element's compliance with the standards set forth in ICC/ANSI A117.1-1998 or the U.S. Access Board's 2004 ADAAG Final Rule, will constitute an acceptable equivalent facilitation to the corresponding ADAAG standards otherwise required by this Agreement. Completion of the Modifications pursuant to the ADAAG or the U.S. Access Board's 2004 ADA Final Rule shall be considered full compliance with the ADA. All dimensions of applicable modifications are also subject to conventional

building industry tolerances for field conditions. The parties acknowledge that the modifications described in this Consent Decree shall be implemented according to the standards set out in the ADAAG.

10. This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A copy or facsimile or PDF of any parties' signature shall be deemed as legally binding as the original signatures.

11. Each Defendant is advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code.)

12. Each Defendant agrees to implement the ADA remedial measures set forth by the parties in a separate agreement. That the ADA remedial measures set forth in the agreement shall constitute all readily achievable measures to bring each Defendant into compliance with the ADA. Therefore, no ADA related claims should be filed against the subject property or the commercial units as compliance with the remedial measures set forth in the agreement shall address all ADA related claims that exist and bring the subject property and commercial units into full and complete ADA compliance. If there are future ADA barrier violations claims against any respective Defendant, then it is strictly the responsibility of the individual Defendant and not the others Defendants to address those ADA claims.

**IN WITNESS WHEREOF**, the undersigned have executed the Consent Decree as of the date below written.

**BENTLEY HOLDINGS, LLC**

By: _[signature]_
Print Name: ISAAC AMSALEM / BENTLEY HOLDING LLC
Date: APR/09/2018

**HESTIA FOOD SERVICES LLC d/b/a/ KAORI BY WALTER MARINO**

By: _____
Print Name: _____
Date: _____

**LAFFA MEDITERRANEAN GRILL BRICKELL LLC**

By: _____
Print Name: _____
Date: _____

**SV PINCHO BRICKELL, LLC. d/b/a PINCHO FACTORY**

By: _____
Print Name: _____
Date: _____

**P24, LLC d/b/a PIOLA BRICKELL**

By: _[signature]_
Print Name: MARCO GALVAN
Date: 04/13/2018

**CHRISTOPHER HUGHES**

_Chris Hughes_
(Signature)

Christopher Hughes
(Print Name)

Date: 04/07/2018

**BENTLEY HOLDINGS, LLC**

By: _____
Print Name: _____
Date: _____

**HESTIA FOOD SERVICES LLC d/b/a/ KAORI BY WALTER MARINO**

By: _____
Print Name: _____
Date: _____

**ZUUK DOWNTOWN DADELAND LLC d/b/a ZUUK MEDITERREAN KITCHEN**

By: _____
Print Name: _____
Date: _____

**SV PINCHO BRICKELL, LLC. d/b/a PINCHO FACTORY**

By: _____*[signature]*_____
Print Name: \_\_\_\_Jonathan Vilma_____
Date: _____4/3/18_____

**P24, LLC d/b/a PIOLA BRICKELL**

By: _____
Print Name: _____
Date: _____

**CHRISTOPHER HUGHES**

_____
(Signature)

_____
(Print Name)

Date: _____

**BENTLEY HOLDINGS, LLC**

By: _[signature]_
Print Name: ISAAC AMSALEM / BENTLEY HOLDING LLC
Date: APR/09/2018

**HESTIA FOOD SERVICES LLC d/b/a/ KAORI BY WALTER MARINO**

By: _____
Print Name: _____
Date: _____

**LAFFA MEDITERRANEAN GRILL BRICKELL LLC**

By: _[signature]_
Print Name: Raque. Duarte
Date: 04/19/18

**SV PINCHO BRICKELL, LLC. d/b/a PINCHO FACTORY**

By: _____
Print Name: _____
Date: _____

**P24, LLC d/b/a PIOLA BRICKELL**

By: _____
Print Name: _____
Date: _____

**CHRISTOPHER HUGHES**

_Chris Hughes_
(Signature)
Christopher Hughes
(Print Name)

Date: 04/07/2018

**BENTLEY HOLDINGS, LLC**

By: _[signature]_
Print Name: ISAAC AMSALEM / BENTLEY HOLDING LLC
Date: APR/09/2018

**HESTIA FOOD SERVICES LLC d/b/a/ KAORI BY WALTER MARINO**

By: _[signature]_
Print Name: JUAN PABLO TONKIN
Date: APR/13/2018

**LAFFA MEDITERRANEAN GRILL BRICKELL LLC**

By: _____
Print Name: _____
Date: _____

**SV PINCHO BRICKELL, LLC. d/b/a PINCHO FACTORY**

By: _____
Print Name: _____
Date: _____

**P24, LLC d/b/a PIOLA BRICKELL**

By: _____
Print Name: _____
Date: _____

**CHRISTOPHER HUGHES**

_Chris Hughes_
(Signature)
Christopher Hughes
(Print Name)

Date: 04/07/2018